### 45818. BRACKIN v. THE STATE.
(371 SE2d 398)

SMITH, Justice.

The appellant, Stephen Michael Brackin, was tried and convicted of malice murder and theft by taking of an automobile. We affirm.[1]

A family member noticed the victim's automobile was missing from his house on Christmas morning. When the family went to the victim's house, they discovered his body. The Monroe County Sheriff's Department found a single .25 caliber shell casing at the scene. The autopsy revealed the victim died from a single gunshot wound to the head.

It was suggested by a family member to the Sheriff's investigators that the appellant was with the victim the night of the murder. The

---

[1] The crime was committed on December 24, 1986. The Monroe County jury returned its verdict of guilty on June 24, 1987. A motion for new trial was filed on June 29, 1987, heard and denied on March 24, 1988. Notice of Appeal was filed on May 14, 1988. The case was originally filed in the Court of Appeals and transferred to this Court on May 16, 1988. The transcript of evidence was filed on November 25, 1987. The record was docketed in this court on May 17, 1988. The was case submitted on July 1, 1988.

appellant was found at his home in Macon. A .25 caliber handgun was found in his home at the time of his arrest. The evidence indicates that the shell casing found at the murder scene was probably fired by this gun.

The appellant admitted driving away in the victim's automobile. He also stated that the victim had been shot accidentally as they struggled for possession of the gun. However, the evidence shows that the victim was shot from a distance of approximately two inches and the bullet entered near his right ear. Also, no gunshot residue was found on the victim's hands, which testimony indicated would have been expected had the weapon discharged accidentally during a struggle over its possession.

1. We conclude that the evidence was sufficient to support the convictions beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant contends it was error to allow the murder conviction to stand because the verdict did not specify whether the jury had found the appellant guilty of malice murder or felony murder.

The appellant was originally charged with felony murder, but the state did not prosecute the felony murder count and it was dismissed. The jury was instructed only on malice murder, never on felony murder. Also, there was no objection to the verdict form. There was no error.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 8, 1988.

*Martin & Martin, Harold E. Martin,* for appellant.

*E. Byron Smith, District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General,* for appellee.